# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 14, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| VALERIE HESTER, for ESTATE | * | |
| OF MARION HESTER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-1671V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal Decision; Failure to Prosecute. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

Valerie Hester, pro se, Revere, MA, for petitioner.
Sarah Duncan, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

### I.   INTRODUCTION

On October 28, 2019, Valerie Hester ("petitioner"), on behalf of the Estate of Ms. Hester, filed a petition for compensation in the National Vaccine Injury Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2]  Petitioner alleged that Ms. Hester passed away as the result of an influenza ("flu") vaccination administered on October 24, 2017.  Petition at 1

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

(ECF No. 1). Petitioner's petition states, "the flu vaccine exaggerated Ms. Hester's pre-existing conditions which led to her death." Id.

Based on all the reasons set forth below and in the Show Cause Order dated May 3, 2021, and for failure to comply with the Show Cause Order, the undersigned dismisses this case for failure to prosecute and insufficient proof.

## II.   PROCEDURAL HISTORY

Petitioner filed her claim on October 28, 2019, alleging that Ms. Hester passed away as the result of a flu vaccination administered on October 24, 2017. Petition at 1. Petitioner submitted proof of vaccination, medical records, and a motion for leave to proceed in forma pauperis on the same day. See id.; Petitioner's Exhibits ("Pet. Exs.") A-F; Motion ("Mot.") for Leave to Proceed in forma pauperis, filed Oct. 28, 2019 (ECF No. 2).

On October 31, 2019, the case was reassigned to the undersigned. Notice of Reassignment dated Oct. 31, 2019 (ECF No. 7). On November 4, 2019, petitioner filed a Letter regarding Ms. Hester's medical records. Letter, filed Nov. 4, 2019 (ECF No. 8). Petitioner then filed additional medical records and a compact disc on December 9, 2019. Pet. Exs. B-C.[3]

The undersigned held an initial status conference in the case on December 19, 2019. See Order dated Dec. 19, 2019 (ECF No. 13). The undersigned requested petitioner file additional medical records, which petitioner did on January 13, 2020. Medical Records, filed Jan. 13, 2020 (ECF No. 14).

Respondent filed respondent's Rule 4(c) Report on June 29, 2020 recommending against compensation. Respondent's Report ("Resp. Rept."), filed June 29, 2020 (ECF No. 20). On June 30, 2020, the undersigned ordered petitioner to file an expert report. Order dated June 30, 2020 (ECF No. 21). Petitioner missed her deadline to file an expert report and the undersigned extended the deadline to October 30, 2020. See Order dated Sept. 2, 2020 (ECF No. 23).

A status conference was held on October 21, 2020 to explain the importance of filing an expert report in this case. See Order dated Oct. 21, 2020 (ECF No. 26). The expert report deadline was extended until December 21, 2020. Id. On October 26, 2020, petitioner filed a response to respondent's Rule 4(c) Report. Pet. Response to Rule 4(c) Report ("Pet. Response"), filed Oct. 26, 2020 (ECF No. 27). On November 2, 2020, petitioner refiled the response to respondent's report and filed medical records and medical literature. Pet. Response, filed Nov. 2, 2020 (ECF No. 29); Medical Records and Medical Literature, filed Nov. 2, 2020 (ECF No. 30). Petitioner asserted Ms. Hester's symptoms were consistent with Guillain-Barre syndrome ("GBS"), although she was never diagnosed with GBS. Pet. Response at 1-2. Petitioner also filed two pages of an article authored by Michael Sinyakov, titled Death After a Flu Shot: A Viewpoint. Michael S. Sinyakov, Death After a Flu Shot: A Viewpoint, Herald Open Access

---

[3] Petitioner filed Exhibits A-F on October 28, 2019 and Exhibits B-C on December 9, 2019. For purposes of this Decision, the undersigned will refer to the Exhibit letter and ECF docket number for clarity.

2

(2015) (accessed at www.hearldopenaccess.us/openaccess/death-after-a-flu-shot-a-viewpoint.com).

On December 21, 2020, petitioner missed the deadline to file an expert report and the undersigned issued an order extending petitioner's deadline to February 26, 2021. Order dated Dec. 30, 2020 (ECF No. 31). Petitioner again missed the deadline to file an expert report and the undersigned extended the deadline once more, stating that failure to file an expert report by April 27, 2021 may result in an Order to Show Cause. Order dated Mar. 1, 2021 (ECF No. 32).

Petitioner missed the April 27, 2021 deadline to file an expert report. On May 3, 2021, 2021, the undersigned issued an Order to Show Cause. Order to Show Cause dated May 3, 2021 (ECF No. 33).

This matter is now ripe for adjudication.

### III.   RELEVANT FACTUAL SUMMARY

Ms. Hester was 72 years old when she received a flu vaccination on October 24, 2017. Pet. Ex. A (ECF No. 1); Pet. Ex. B (ECF No. 1). Her medical history was significant for uncontrolled high blood pressure, severely uncontrolled diabetes, stage 3-4 chronic kidney disease, high cholesterol, gout, left hand swelling, left knee pain, hirsutism, a fall associated with slurred speech, and uterine fibroids. Medical Records at 1-40, 45-86 (ECF No. 14). In July 2017, Ms. Hester presented to her primary care provider ("PCP"), Dr. Nicole Swiner, complaining of left hand pain for a week and received medication for a gout flare. Id. at 45-47.

On December 3, 2017, EMS arrived at Ms. Hester's residence, where she reported flu-like symptoms for one week, including malaise, ongoing cough and congestion, decreased mobility, and increased edema in her ankles. Pet. Ex. B at 1-4 (ECF No. 11). She was transported to the hospital. Id.

Between December 3-11, 2017, Ms. Hester was hospitalized for community-acquired pneumonia ("CAP"), a possible gout flare versus suspected diabetic neuropathy, poorly controlled diabetes, hypertension, acute kidney failure, and deconditioning. Pet. Ex. C at 6, 8-10 (ECF No. 11). On admission, Ms. Hester complained of worsening bilateral tingling in her feet since Thanksgiving, but strength and sensation were grossly symmetric and intact, and she moved all extremities well. Id. at 12-16. She was prescribed gabapentin for suspected diabetic neuropathy and antibiotics for CAP. Id. The following day, Ms. Hester reported that her breathing was better, but she still complained of severe bilateral foot pain. Id. at 24-32. An X-ray of the feet was consistent with gout and Ms. Hester began taking prednisone with significant improvement in pain. Id. The prednisone caused worsening of Ms. Hester's blood sugar, so an insulin drip was administered. Id. at 17-21. By December 8, 2017, Ms. Hester had completed her antibiotics and was starting to walk, and her providers recommended discharge to a skilled nursing facility. Id. at 38. Ms. Hester declined, but was willing to accept home health care. Id. at 44-46, 50-52.

On January 9, 2018, Ms. Hester followed up with Dr. Swiner for pneumonia, high blood sugar, and gout.  Medical Records at 41-44 (ECF No. 14).  Dr. Swiner advised Ms. Hester to continue the medications the hospital prescribed and eat balanced meals.  Id.

On January 18, 2018, EMS arrived at Ms. Hester's residence.  Pet. Ex. B at 5-10 (ECF No. 11).  Ms. Hester reported nausea, vomiting, and constant, painful pressure in her right lower back.  Id.  She was transported to the hospital and diagnosed with lower back pain and a possible urinary tract infection.  Id.  She was discharged the same day.  Id.

Ms. Hester returned to the hospital later that day due to vomiting, and was admitted until January 25, 2018.  Pet. Ex. C at 554-59, 678 (ECF No. 11).  Despite treatment she continued to dry heave and vomit.  Id. at 549-53.  She tested positive for influenza A and received Tamiflu and supportive care.  Id. at 554-59, 678.  Her diabetes was noted to be uncontrolled.  Id. at 572.  On January 23, 2018, Ms. Hester complained of pain in the soles of her feet like during a gout flare.  Id. at 623-24.  The following day, Ms. Hester vomited after trying a regular diet and returned to a liquid diet.  Id. at 611, 613-17, 626-29.  She continued to have a dry cough but no fever.  Id.  Her renal function was stable, her blood sugars were better controlled, and her blood pressure was controlled on Coreg and amlodipine.  Id.  Her anemia was worse and she was noted to have lost 20 pounds in the past month.  Id.  At discharge, Ms. Hester was referred to home care services.  Id. at 629, 632-35.  Her discharge diagnoses included influenza A, out of control diabetes, hypertension, intractable vomiting with nausea, and acute renal failure superimposed on stage 3 chronic kidney disease.  Id. at 554-59.

On January 25, 2018, EMS arrived at Ms. Hester's residence, where she was found unresponsive.  Pet. Ex. B at 11-15 (ECF No. 11).  Ms. Hester's death certificate documented the immediate cause of death as influenza A with the approximate interval of onset to death listed as five days.  Pet. Ex. E (ECF No. 1).  Other significant conditions contributing to death were uncontrolled diabetes and renal failure.  Id.

## IV.   ANALYSIS

When a petitioner fails to comply with Court orders to prosecute her case, the court may dismiss the case.  Sapharas v. Sec'y of Health & Hum. Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Hum. Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of cases for failure of party to respond to discovery requests).  Petitioner's failure to file an expert report and failure to file any response to the Order to Show Cause indicates a disinterest in pursuing the claim.  Thus, the undersigned finds it appropriate to dismiss this case for failure to prosecute.

Additionally, to receive compensation under the Act, a petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table— corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine.  See §§ 11(c)(1), 13(a)(1)(A).

4

Here, a review of the records does not show that the Ms. Hester suffered a "Table Injury."  Further, although petitioner filed medical records, the records did not include any documentation that Ms. Hester was ever diagnosed with GBS.  Instead, the records show that petitioner passed away from complications of influenza A, uncontrolled diabetes, and renal failure.  Without an expert report providing evidence of vaccine causation, the undersigned finds that the record does not support a claim under the Vaccine Act, or otherwise include preponderant evidence demonstrating that petitioner sustained any vaccine injury.

The undersigned expresses her sympathy for petitioner and her family and the ordeal they went through, but unfortunately the case cannot proceed without proof of causation.

**Thus, this case is dismissed for failure to prosecute and for insufficient proof.  The Clerk of Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Special Master